UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAMSTERS LOCAL 404 HEALTH SERVICES & INSURANCE PLAN<br><br>Petitioner,<br><br>for a an order pursuant to 3102(c) of the Civil Practice Laws and Rules to compel disclosure from<br><br>KING PHARMACEUTICALS, INC., MERIDIAN MEDICAL TECHNOLOGIES, INC., and PFIZER INC.,<br><br>Respondents. | Case No.: 1:15-cv-04666 |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' MOTION
TO DISMISS THE PROCEEDING FOR FAILURE TO STATE A CLAIM**

**PRELIMINARY STATEMENT**

King Pharmaceuticals LLC[1] ("King"), Meridian Medical Technologies, Inc. ("Meridian"),[2] and Pfizer Inc. (referred to collectively herein as "Pfizer" or "Respondents"), respectfully submit this memorandum of law in support of their motion to dismiss the instant proceeding pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim.

---

[1] King Pharmaceuticals LLC was formerly known as King Pharmaceuticals, Inc., the entity identified in the Petition at issue in this motion.

[2] Meridian is a wholly-owned subsidiary of King. Respondent Pfizer Inc. acquired King and Meridian in October 2010 during the pendency of the EpiPen® patent lawsuit. *See* Decl. of Patrick J. Coughlin in Supp. of an Order to Show Cause for Pre-Compl. Disc. of King Pharmaceuticals, Inc., Meridian Medical Technologies, Inc., and Pfizer Inc. Pursuant to CPLR § 3102(c) ("Coughlin Decl.") ¶¶ 12-14, *Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharm., Inc.*, Index No. 154315/2015 (N.Y. Sup. Ct. Apr. 30, 2015).

## BACKGROUND

The EpiPen® AutoInjector is an auto-injector for an emergency dose of epinephrine during an extreme allergic reaction, such as to head off anaphylactic shock. Coughlin Decl. ¶¶ 4, 6. Respondent Meridian developed and manufactured EpiPen® and obtained U.S. Patent Nos. 7,449,012 B2 (the "'012 patent") and 7,794,432 B2 (the "'432 patent"), which cover the product until 2025. Pursuant to the federal Hatch-Waxman Act, generic manufacturer Teva Pharmaceuticals ("Teva") sought approval from the Food and Drug Administration to commercialize a generic form of EpiPen® prior to the September 11, 2025 expiration of the '012 and '432 patents. *Id*. ¶ 29. Respondents King and Meridian thereafter sued Teva for patent infringement in August 2009, under procedures established by the Hatch-Waxman Act, in the U.S. District Court for the District of Delaware. *Id*. ¶¶ 18, 26. Respondents asserted infringement of the '012 and '432 patents. *Id*. ¶ 26. The parties settled in April 2012 before a decision was rendered by the district court ("EpiPen® Patent Settlement"). *Id*. ¶ 32.

On April 30, 2015, Petitioner Teamsters Local 404 Health Services & Insurance Plan ("Petitioner") filed in the New York County Supreme Court of the State of New York a Petition for Pre-Complaint Discovery Pursuant to CPLR § 3102(c) and accompanying Coughlin Declaration seeking disclosure of the settlement agreement(s), licensing agreement(s), and any other agreement(s) related to the EpiPen® Patent Settlement ("EpiPen® Settlement Materials"). Declaration of Raj Gandesha in Support of Respondents' Motion to Dismiss ("Gandesha Decl."), Ex. A (Petition Of Teamsters Local 404 Health Services And Insurance Plan For Pre-Complaint Discovery Pursuant To CPLR § 3102(c), *Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharm., Inc.*, Index No. 154315/2015 (N.Y. Sup. Ct. Apr. 30, 2015)). On May 21, 2015 the Supreme Court issued an Order to Show Cause why an order requiring Respondents to produce

the EpiPen® Settlement Materials should not issue, and set a hearing for June 23, 2015. Gandesha Decl., Ex. B.  On June 12, 2015, Respondents timely opposed the Order to Show Cause.  On June 16, 2015, Respondents removed this matter to this Court on the basis of federal question and diversity jurisdiction.[3]  On June 25, 2015, the Supreme Court issued an order disposing of the proceedings in state court on the grounds that the court lacked jurisdiction as a result of the removal.  Gandesha Decl., Ex. C.

## ARGUMENT

I.  **The Proceeding Should be Dismissed Because the Relief Sought by Petitioner is Not Available in Federal Court**

   **A.  CPLR § 3102(c) Does Not Apply in Federal Court**

Petitioner fails to state a claim upon which relief may be granted because, although Petitioner seeks discovery under CPLR § 3102(c), the Federal Rules of Civil Procedure, not the CPLR, govern the matter in this Court.  It is well established that procedural provisions under the CPLR, including pre-complaint discovery provided for in CPLR § 3102(c), do not apply in federal court once an action is removed.  *See In re Backer*, No. 10 Civ. 0862(PGG), 2010 WL 2816789, at *11 n.6 (S.D.N.Y. July 16, 2010) ("[T]here is no right to pre-complaint discovery under the Federal Rules of Civil Procedure, and it is the Federal Rules, and not the CPLR, that governs after removal."); *Luethke v. Seagram Co., Ltd.*, No. 00 Civ. 7946(DC), 2000 WL 1880324, at *3 (S.D.N.Y. Dec. 28, 2000) ("[P]laintiff's reliance on C.P.L.R. § 3102 (c) for 'pre-action' discovery is misplaced.  Now that the case has been removed to this Court, the Federal

---

[3] As set forth in the Notice of Removal, CPLR § 3102 petitions are removable to federal court, and removal here was proper.  Notice of Removal, *In re Application of Teamsters Local 404 Health Servs. & Insur. Plan*, No. 15-cv-04666 (S.D.N.Y. June 16, 2015), ECF 1; *see also, e.g.*, *Dublin Worldwide Prod. (USA), Inc. v. Jam Theatricals, LTD*, 162 F. Supp. 2d 275, 277 (S.D.N.Y. 2001) ("[I]f [a] cause of action falls within federal jurisdiction the 3102(c) 'proceeding' is removable.").

Rules of Civil Procedure govern discovery and the C.P.L.R does not apply."); *Andrulonis v. United States*, 96 F.R.D. 43, 44 (N.D.N.Y. 1982) ("The CPLR of course has no application in the federal courts and it is clear that the Federal Rules of Civil Procedure, and along with them the federal discovery rules, apply to the instant suit.").[4]

  **B. Federal Rules of Civil Procedure Do Not Provide for Pre-Complaint Discovery of the EpiPen® Settlement Materials**

    1. Federal Rules of Civil Procedure Allow Pre-Complaint Discovery Only When There is a Risk That the Information Sought Would Be Lost

Now that the Federal Rules of Civil Procedure govern this proceeding, Petitioner has no right to pre-complaint discovery. Unlike the CPLR, the Federal Rules do not provide for pre-action discovery, with limited exceptions under Rule 27.[5] However, Rule 27 affords relief *only* when the petitioner makes an objective showing that the information sought "would otherwise be lost, concealed, or destroyed." *In re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005); *cf.*,

---

[4] *Cf. Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975) (the discovery procedure in a diversity action is governed by the Federal Rules of Civil Procedure); 8 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2005 at 384–85 (3d ed. 2010) ("State law is of very little relevance to discovery in a federal action. . . . [E]xcept for [discovery in aid of execution and questions of privilege] it is wholly settled that discovery in a federal court is governed only by [the federal] rules and that state discovery practices are irrelevant."); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010) ("[L]ike the rest of the Federal Rules of Civil Procedure, Rule 23 *automatically* applies in all civil actions and proceedings in the United States district courts.") (emphasis in original) (internal citations omitted).

[5] "A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show: (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (B) the subject matter of the expected action and the petitioner's interest; (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and (E) the name, address, and expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a).

4

*Wetzelberger v. M & T Bank Corp.*, No. 12 Civ. 3685(BMC), 2012 WL 4328398, at *2 (E.D.N.Y. Sept. 20, 2012) ("It is well-established that the Rule may not be invoked to conduct a fishing expedition to establish whether a claim exists, but only to preserve specific testimony or data that may imminently be lost.") (citing cases); *In re Liquor Salesmen's Union Local 2D Pension Fund*, No. 12-CV-2786(KAM)(MDG), 2012 WL 2952391, at *3 (E.D.N.Y. July 19, 2012) ("Rule 27 is not, however, a substitute for the broader, post-complaint discovery available under Rule 26 and should be used only in special circumstances to preserve testimony which otherwise might be lost."); *In re Yamaha Motor Corp., U.S.A.*, 251 F.R.D. 97, 99 (N.D.N.Y. 2008) ("Rule 27 is not a substitute for discovery and should be used in special circumstances to preserve testimony which could otherwise be lost."). The types of circumstances that courts have held satisfy this showing include those where a deponent was elderly or had an illness, where foreign national witnesses were leaving the United States within 24 hours, and where the requested data would be destroyed in the ordinary course of business after 90 days. *Liquor Salesmen's Union*, 2012 WL 2952391, at *3 (collecting cases). Petitioner does not and cannot allege such facts. Petitioner seeks discovery of a settlement agreement and related materials between two publicly-traded companies resolving major litigation under patents that do not finally expire until 2025. There is no credible claim that the EpiPen® Settlement Materials are in danger of becoming lost, concealed, or destroyed. Rule 27 is, therefore, inapplicable.

      2.    <u>Rule 27 Discovery Cannot Be Used to Conduct a Fishing Expedition to Determine Whether a Cause of Action Exists</u>

Moreover, it is well-settled that Rule 27 may not be used by a would-be plaintiff for the purpose of determining whether it has a cause of action. *See In re Petition of Austin*, No. 13 Misc. 252, 2013 WL 5255125, at *1 (S.D.N.Y. July 16, 2013) ("In federal court, pre-complaint discovery is not available to determine whether a claim for relief exists."); *Liquor Salesmen's*

*Union*, 2012 WL 2952391, at *6 ("[I]t is well-settled that Rule 27 is not a vehicle for general discovery before an action is commenced and should not be used to determine whether a cause of action exists . . . ."); 8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2071 at 384-85 (3d ed. 2015) (hereinafter, "Wright & Miller") ("At first, some concern was expressed that this rule might be used for the purpose of discovery before action is commenced and might enable a person to fish for some ground for bringing suit. The early commentators agreed that this was not the purpose of the rule, and . . . courts have generally agreed that to allow Rule 27 to be used for this purpose would be an abuse of the rule.").

That is *exactly* what Petitioner improperly seeks to do here. Petitioner indicates that it intends to bring an action against Respondents and others on the basis of an alleged unlawful "reverse payment" patent settlement agreement in violation of federal and state antitrust laws. Coughlin Decl. ¶¶ 36-38. But Petitioner is unable to assert a critical element of its claim: that there was in fact a *payment* from Respondents to Teva. To be entitled to relief on a "reverse payment" settlement antitrust claim, a plaintiff must plead and prove a "reverse payment" – a *payment* from the patent-holder to the would-be generic infringer in exchange for the infringer's agreement to remain off the market for longer than it otherwise would. The U.S. Supreme Court in *FTC v. Actavis* made clear that antitrust scrutiny applies only to settlements that contain a large and unjustified "reverse payment . . . in which A, the plaintiff, pays money to defendant B purely so B will give up the patent fight." 133 S. Ct. 2223, 2233 (2013). As one court recently held, "[f]inding that a settlement contains a reverse payment is a necessary prerequisite to undertaking the broader *Actavis* rule of reason analysis." *In re Lamictal Direct Purchaser*

*Antitrust Litig.*, 18 F. Supp. 3d 560, 567 (D.N.J. 2014).[6]

Far from identifying an actual reverse payment, Petitioner offers only speculation that such a payment *must* have been made because otherwise it would have been irrational for Teva to settle, and it seeks pre-suit discovery of the EpiPen® Settlement Materials based on such highly speculative "logic."  *See* Coughlin Decl. ¶ 33.  Petitioner should not be allowed to demand pre-action disclosure – of highly confidential, proprietary, multi-company settlement materials – to probe whether it *might* find something that gives rise to a claim it hopes to bring.[7] The Federal Rules plainly cannot and should not be used to conduct this type of pre-suit fishing expedition to determine whether a cause of action exists.  *Petition of Austin*, 2013 WL 5255125 at *1; *Liquor Salesmen's Union*, 2012 WL 2952391 at *6; 8A C. Wright & Miller § 2071 at 384-85.[8]

---

[6] *See also In re Lipitor Antitrust Litig.*, 46 F. Supp. 3d 523, 542 (D.N.J. 2014) ("[I]n light of *Actavis*, . . . the Court examines whether the factual allegations are sufficient to make plausible that [brand] made a large and unexplained reverse payment to [generic] in support of antitrust activities."); *In re Loestrin 24 Fe Antitrust Litig.*, 45 F. Supp. 3d 180, 189 (D.R.I. 2014) ("*Actavis* appears to impose a three-part inquiry. 'In Step One . . . is there a reverse payment? . . . In Step Two . . . is that reverse payment large and unjustified? . . . Step Three is the rule of reason.'") (internal citations omitted); *see also In re Cipro Cases I & II*, No. S198616, 2015 WL 2125291, at *17-18 (Cal. May 7, 2015) (explaining that as part of a plaintiff's prima facie case challenging a "reverse payment patent settlement," "a plaintiff must establish a reverse payment—financial consideration flowing from the brand to the generic challenger"). Moreover, the mere existence of a large reverse payment does itself not make a settlement unlawful; rather, the lawfulness of the agreement must be determined through a full-blown rule of reason inquiry that weighs the pro-competitive justifications for the agreement against any anti-competitive effects. *Actavis*, 133 S. Ct. at 2236-37.

[7] Respondents, of course, emphatically deny that the EpiPen® Patent Settlement contains any such actionable reverse payment or otherwise constitutes an unlawful agreement.

[8] Petitioner's original attempt to seek this same discovery in New York state court under CPLR § 3102(c) was defective for the same reasons. *See, e.g.*, *Holzman v. Manhattan & Bronx Surface Transit Operating Auth.*, 707 N.Y.S.2d 159, 160-61 (N.Y. App. Div. 2000) ("Pre-action discovery . . . cannot be used by a prospective plaintiff to ascertain *whether* he has a cause of action at all.  A petition for pre-action discovery should only be granted when the petitioner demonstrates that he has a meritorious cause of action . . . ."); *In re Payton Lane Props., Inc.*,

As Petitioner cannot obtain the pre-complaint discovery it seeks under the Federal Rules of Civil Procedure, which govern this action, this proceeding should be dismissed.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that this Court and dismiss the instant proceeding for failure to state a claim.

Dated:  June 25, 2015

                                        Respectfully submitted,

                                        */s/ Robert A. Milne*
                                        Robert A. Milne
                                        Dimitrios T. Drivas
                                        Brendan G. Woodard
                                        Raj S. Gandesha
                                        Kristen O'Shaughnessy
                                        **WHITE & CASE LLP**
                                        1155 Avenue of the Americas
                                        New York, NY 10036
                                        212-819-8200

                                        *Attorneys for Respondents Pfizer Inc., King Pharmaceuticals LLC, and Meridian Medical Technologies, Inc.*

---

No. QDS:82409371, 1998 WL 1083651, at *1 (N.Y. Sup. Ct. Dec. 17, 1998) ("the prospective plaintiff must demonstrate . . . the existence of a prima facie cause of action; preaction discovery is not to be used to determine whether a cause of action exists"); *Merck-Medco Managed Care, LLC v. Value Health, Inc.*, 678 N.Y.S.2d 681, 682 (N.Y. App. Div. 1998) ("Preaction discovery . . . is not available for the purpose of determining whether a cause of action exists.").